IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

U.S. DISTRICT COURT
2011 MAR 30  P 1:29

JOSEPH W. HIGGINS, PLAINTIFF,

VS.                                                                                            CIVIL ACTION NO.

                                                                                               EMERGENCY REQUEST

JUDGE STEPHEN J. BERNSTEIN. IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES;

STANLEY R. CHESLER; IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES;

JUDGE NANCY SIVILLI, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES;

HEARING OFFICER JILL CURVIN, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES;

HEARING OFFICER LYNN GALE. IN HER INDIVIDUAL AND OFFICIAL CAPACITIES;

CHILD SUPPORT PROBATION OFFICER KEJA WALCOTT, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES;

FAMILY DIVISION MANAGER MICHELE BERTRAN, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES;

DEFENDANTS.

---

COMPLAINT UNDER 42 U.S.C. SECTION 1985(3) FOR DELIBERATE DEPRIVATION OF CIVIL RIGHTS

---

## JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. Section 1331, 1337, 1343(a), and 1367(a); 42 U. S. C. Section 1988, 1985(3); 18 U.S.C. Section 1341; 28 U.S.C. § 2201 for declaratory judgement.

2. Jurisdiction of this court for the PENDENT CLAIMS IS AUTHORIZED BY F.R.CIV. P. 18(A) and arises under the doctrine of pendent jurisdiction as set forth in United Mine Worker V. Gibbs, 383 U.S. 715 (1966). To be join with docket no. 3: 10-cv-05969.

## PARTIES

1. your Plaintiff, Joseph W. Higgins(Mr. Higgins), who resides at 311 Summer Ave, Newark Nj, 07104, Essex County, is the defendant in the New Jersey Division of Youth and Family Services V. Tolani Ned and Joseph W. Higgins, In docket no. FD-07-2377-10 IN RELATIONS to a Colorado child support case Co Docket no. 03192118929B Chancery Division Family Court.

2. Stephen Berstein is a family court Judge for the Superior court of New Jersey presiding over the both docket no. FD-07-2377-10 and Docket No. Fn-07-251-10. At all times revelant to this complaint.

3. Nancy Sivilli is a family court judge for the Superior Court of New Jersey presiding over Docket no. FD-07-2377-10. At all times revelant to this complaint. All defendants are located at 212 Washington st, Newark nj 07102.

4. Keja Walcott is a probation officer for the child support family division. At all times revelant to this complaint.

5. Michele Bertran is a family division manager for the child support division. At all times revelant to this complaint. Both above dockets are from the arm of the Health and Human Services.

6. Gale Lynn is a hearing officer for the child support family division of the state of New Jersey. At all times revelant to this complaint.

7. Jill Curvin is a hearing officer for the child support family division of the state of New Jersey. At all times revelant to this complain

8. Stanley R. Chesler is a United States District Court judges for the United States District court for the District of New Jersey. At all times revelant to this complaint.

## CAUSE OF ACTION

The defendants conspiracy arises out of unlawful, intentional, willful and evil misconduct of retaliation and Government invidiously discriminatory against the plaintiff Joseph W. Higgins in docket no. FD-07-2377-10- by denying this plaintiff the equal protection of the laws- to wit- to single the plaintiff out from other persons **Similarly Situated** under the uniform family of support act. 2A:4-30.109(a) and 2A:4-30.110(a)(7) and 2A:4-30.108(b)(2). Thereby denying this plaintiff access to the courts.

STATEMENT OF FACTS:

1. On or about August of 1990, the Colorado walfare department opened up a tanf walfare file on behalf of a female by the name of Tolani Ned. This was done with intent to provide walfare for herself and a child by the name of Aishah B. Ned.
2. In 1993, the walfare department file no. 03192118929B seeked child support from the plaintiff for Aishah B. Ned in the amount of $20.00 a month.
3. In 2004, the Colorado courts used a long arm, after modifying the $20.00 a month to $360.00 a month payment. After hearing was had by phone in the state of Minnesota. And started taking this money out of the plaintiff's payroll check for the purpose of arrears and child support. On all jobs they were debting from the plaintiff's payroll. This acts contributed to the plaintiff's homelessness.
4. When this child support payment was modified from $20.00 a month to $360.00 a month, the mother Tolani Ned was not on walfare. The mother have not been on walfare since 2004.
5. But yet every month Colorado walfare was charging the plaintiff $360.00 for child support as if the mother was still on tanf til 2010. This debt accumulated to over $20,000. This debt was even placed in the plaintiff's credit score. At no time have the plaintiff received any notice that the matter was being taken over by family court registry. The plaintiff nor the attach orders show any family support registry account case no. Nor have the plaintiff receive any notice.
6. The attach orders do not show that the enforcement is being pursued by state disbursement unit nor registry account only for arrears. What the attach orders show is that the enforcement is coming from walfare.
7. In the year 2010. On or about Jan 2010, the plaintiff received a mail located at 311 summer ave, Newark nj 07104. This mail came from the defendants requiring the plaintiff to appear in court for the purpose of modification and enforcement on the arrears totally over $16,000.00. The hearing was set for March 3, 2010. See attach order.

8. The defendants never provided nor served on this plaintiff at anytime a copy of certified registration that this matter was registered in the responding state of New jersey who did infact take exclusive jurisdiction over the case.

9. But because of the New Jersey docket no. The plaintiff set out to submit and file a motion to contest the registration. This was done one day after receiving their notice in the mail. The child support debt is over 20 years. Its time barred and the transunion credit report as closed account.

10. The plaintiff traveled down to 212 Washington st on the first floor and seeked to file the motion to contest the registry. The clerk refused to take the documents and instead gave the plaintiff a packet instructing the plaintiff he can only contest or defend the child support case in Colorado.

11. So the plaintiff came back the next week and tried to file the motion to contest again. They refused. So on March 3, 2010, the day of the hearing the plaintiff was instructed by them that he cannot bring up any contesting of the child support. That this can only be done in Colorado.

12. The attach order March 2010 is even suggesting the plaintiff can only file in Colorado. But the plaintiff believes the Colorado case is closed. The mother have not been on walfare since 2004 and the tanf walfare case is over 20 years old. The mother never applied with family support registry to continue child support. And all orders are signed incorporating the uniform family of support act into their orders where it shows walfare is the entity pursueing the debt.

13. Every time the plaintiff would attempt to file the motion to contest Keja Walcott, an administrative clerk for the family court probation office was blocking the plaintiff effort.

14. The plaintiff was seeking to file well within the 20 days, but the plaintiff was being blocked.. In this March 3, 2010 hearing the court down graded the child support arrears from $360.00 a month to $20.00 a month. These modification at all times was through force and intimidation.

15. The plaintiff was legally indigent and was on New Jersey walfare himself. But this hearing officer Lynn Gale ordered the plaintiff pay $20.00 a month from the plaintiff's walfare benefits to pay Colorado walfare.
16. And then on or about Feb 09, 2011, Judge Berstein became the presiding judge over this child support case. Berstein is one of the subject matters of the plaintiff's criminal allegations in both U.S. District Court Docket No. 2:10-Cv-03023 and 3: 10-cv-05969.
17. While the plaintiff is still legally indigent Berstein staff orders a nother hearing for up grade modification refusing to accept the plaintiff motion to contest the registry. See attach Feb 2011 order.
18. The arrears was modified from $20.00 a month to $20.00 a week. The plaintiff repeatly seeked to file a motion to contest and downgrade modification. The plaintiff cannot afford to pay. All orders was signed by the hearing officer and the judges incorporating the uniform family of support act. And then finnaly, the plaintiff received a civil action summons for a downward modification. But no mention for a hearing to contest the registry.
19. See attach summons dated Feb 24, 2011. But on Feb 28, 2011, the plaintiff received cancellation in the mail. It provided: "Dear Joseph W. Higgins…please be advised that a court proceeding scheduled on April 11, 2011 has been cancelled. Please do not attend, as the matter will not be heard". There was no reasons given. See attach Feb 28, 2011 latter. Signed Michele Bertran.
20. The letter suggested the plaintiff contact this same person repeatly blocking thwe plaintiff access to the court. Keja Walcott. So the plaintiff did. When this plaintiff contacted Keja Walcott by phone, she told the plaintiff their objective is for the plaintiff to receive a bench warrant if the plaintiff cannot pay $20.00 a week.

21. A bench warrant would affect the plaintiff's right to pursue the claim the plaintiff have against the conspiracy of dyfus in which Judge Berstein have great personal interest.
22. And Judge Berstein original objective was to obtain a bench warrant in the dyfus conspiracy case to cover up the false prosecution as a bases to steal three kids. See docket no. 2: 10-CV-03023 and 3: 10-CV05969. While Berstein have been on multiple occasion attemting to place the plaintiff in jail and repeatly trying to serve the plaintiff in the dyfus case, Berstein, using external arrangements is seeking a bench warrant in this case by placing the plaintiff in the ability where he cannot pay for a debt he don't even owe.
23. That these defendants invoked their jurisdiction with deliberate design to cause injury and suffering on this plaintiff and to violate his constitutionall protected civil rights.
24. It clearly shows in the plaintiff's transunion credit report that not only did Colorado close the case off the credit report Jan 2011(Colo membership no. V01CDp001, but also New Jersy did too on Nov 1, 2010.(NJ membership no. V08008002. This is because any debt owed to Colo walfare from August 1990 is timed barred.
25. The plaintiff have already suffered and received post matic stress disorder from the State of Colorado on the Statute of Limitation issue.
26. In the Colorado Supreme court case Higgins V. People, 868 P2d 371, the state falsified that the felony complaint was tolled in the year 1990. The felony complaint slash formal information was not filed in the district court until after this was bond over from a preliminary hearing was had in the county court. This did not happen until Dec 23, 1992, after the 3 year time for limitation had expired. Alleged crime Nov 1989. See Jaben V. U.S. 381 U.S. 214; and Bustamante v. District Court of the third Judicial District, 329 P.2d 1013.
27. This plaintiff was placed in super max for 8 long years. Colorado placed the plaintiff on a behavior modification

program and suspended the constitution for the purpose to brainwash the plaintiff to adjust to the false sentence.

28. Throug out the 8 years, the plaintiff was cell estracted 9 times using, banners, stun guns, electric shields, and violence. Placeing the plaintiff repeatly and constantly through out the 8 year sentence on a management diet for two weeks at a time or be denied food for two weeks. The plaintiff couldn't eat that management diet. It taste and smell like human body waste. The plaintiff being denied food for two weeks down in a cold cell, down in the basement shackled and head to toe, butt naked for two to three weeks at a time.

29. Not only were they seeking to brainwash the plaintiff through force and intimidation but they were sending the plaintiff Tolani Ned's child support charges every month to the plaintiff cell. And the state of Colorado well knew that's ite five DNA chromosome missing from the DNA test results. Aishah B. Ned is not even the plaintiff's kid.

30. Stanley R. Chesler, who has a pending judicial misconduct complaint filed against him because of his intent to cover up the illegal and conspiracy actions of Judge Berstein and Dyfus have placed himself in this case with the same intent to cover up the illegal actions of the Health and Human Services conspiracy. Chesler who have decided to preside over this case and dismiss the action claiming the plaintiff being denied access to the courts is outside federal jurisdiction is a conflict of interest with personal interest in the outcome of the matter. Magistrate Shipp recused himself but this Chesler continues to harass the plaintiff in the face of 28 U.S.C. 455. Civil No. 11-1294 (SRC)

Wherefore, plaintiff demands declaratory Judgement and judgement for violation of his civil rights defedants jointly and serverally, for actual, general, special, compensatory damages in the amount of $5,000.000 and further demands judgement against each of said defedants jointly and serverally, for punitive damages in an amount to be determined by

the jury, plus the cost of the action, including attorney fees, and such other relief deemed to be just, fair, and appropriate.

Joseph W. Higgins  MARCH 30, 2011
311 Summer Ave ~~March 1, 2011~~
Newark Nj 07104